J. A. HAHN, Respondent, v. MISSOURI, KANSAS &
TEXAS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, May 8, 1899.

Railroads: CONTRACTS: FIRES: PUBLIC POLICY. A contract between a
railroad and its lessee who established an elevator on its right of way
whereby the lessee releases the railroad from all damages accruing
to such elevator and its contents by reason of fire, is not in violation
of public policy and precludes a recovery from damages by fire.

*Appeal from the Vernon Circuit Court.*—HON. D. P.
STRATTON, Judge.

REVERSED.

GEO. P. B. JACKSON for appellant.

(1) The stipulation in the lease, under which plaintiff
occupied a part of defendant's right of way, barred any action
against defendant for loss by fire of property on such leased
ground. Griswold v. Railroad, 90 Iowa 269; s. c., 57 N. W.
Rep. 843; Stephens v. Railroad, 109 Cal. 86; s. c., 41 Pac.
Rep. 783; Ins. Co. v. Railroad, 70 Fed. Rep. 201; Ins. Co. v.
Railroad, 74 Mo. App. 89. (2) To give the statute, section
2615 of Revised Statutes 1889, the effect contended for by
plaintiff and adopted by the court below, renders it unconsti-
tutional, because it would deprive defendant of the right to
contract concerning its property, which is to deprive it of its
property without due process of law. State v. Julow, 129
Mo. 163.

SCOTT & BOWKER for respondent.

There is no brief for respondent.

SMITH, P. J.—This is an action which was brought to
recover damages on account of the destruction of a building

and its contents, located upon the defendant's right of way at the town of Schell City, by fire, which it is claimed was set out by one of the defendant's engines. The defense relied upon, was that the building was erected upon the defendant's right of way by virtue of a lease entered into between the plaintiff and defendant authorizing the construction of the building on the defendant's right of way to be used as a grain house, and which lease contained a stipulation that in consideration of the advantages accorded to the plaintiff in allowing him to erect his building upon the right of way, and near the defendant's tracks, he assumed all the risk of destruction of the same by fire, and released and discharged the defendant from any liability or responsibility on that account, whether the fire was occasioned by the locomotives of the defendant or otherwise. The defendant set up this lease in the answer, and alleged that by virtue of the stipulations thereof the plaintiff assumed all risks of loss or damage to any buildings or other property by reason of fire which might be occasioned or communicated from the defendant's locomotives, and that defendant was not liable for the loss claimed by the plaintiff, because under the stipulations of the lease the plaintiff fully released and discharged the defendant from any such claim or demand, which release and discharge the defendant pleaded in bar of the plaintiff's action.

Upon the trial the plaintiff introduced evidence which tended to support the allegations of his petition as to the destruction and value of his building and its contents.

The plaintiff testified that he occupied the portion of the defendant's right of way upon which he had erected the building which had been destroyed, under a lease from the defendant, which was identified, and which the defendant offered in evidence but which was objected to as not constituting any defense to the cause of action, and as being in violation of section 2615 of the Revised Statutes of 1889, and because the stipulation relied upon by the defendant was void in

consequence of the said statute. To the exclusion of this the defendant excepted, and at the request of the plaintiff, the court declared the law to be that if it was found from the evidence that the plaintiff's building had been destroyed by fire which was set out by one of defendant's locomotives, then he was entitled to recover the reasonable market value of the building and contents destroyed, to which the defendant excepted.

The defendant asked the court to declare peremptorily that the plaintiff could not recover, and also to declare that if the building was located upon the defendant's right of way or station grounds, and that the plaintiff occupied said ground and maintained a building thereon by virtue of the lease set-up in the answer and offered in evidence, then the defendant was discharged and released from any loss or damage occasioned by fire escaping from its locomotive, and even if the plaintiff's building was set fire by such means, still he could not recover. Both of these declarations asked by the defendant were refused, and the defendant excepted.

The judgment was for plaintiff and defendant appealed.

The provision of the lease, under which the plaintiff occupied a part of the defendant's right of way, to the effect that the former assumed all risk of damage to any building or other property by reason of fire which might be communicated to or occasioned by the locomotives of the latter, must be held to preclude a recovery. A like ruling was made by us in Ins. Co. v. Railway, 74 Mo. App. 89, where we were called upon to consider a provision in a lease similar to that here. Nothing need be added to what is there said. This case must be disposed of as was that.

The judgment must therefore be reversed. All concur.